IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM S. MARTIN AND | § | CASE NO. 19-33443 |
| JENNIFER A. MARTIN | § | CHAPTER 7 |
| | § | |
| DEBTORS | § | CHIEF JUDGE DAVID R. JONES |

**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES PURSUANT TO 11 U.S.C. §§ 327 AND 328 (a) TO LIST REAL PROPERTY FOR SALE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable David R. Jones,**
**Chief United States Bankruptcy Judge, Southern District of Texas**

COMES NOW Randy W. Williams, Chapter 7 Trustee of the above-captioned estate (the "Trustee") files this *Application to Employ BK Global Real Estate Services Pursuant to 11 U.S.C. § 327 to List Real Property for Sale* (the "Application") and states as follows:

**RELIEF REQUESTED**

1.      The Trustee seeks and order to employ BK Global Real Estate Services ("BK Global") to list for sale of the Real Property (as more specifically identified below).

**RELEVANT BACKGROUND**

2.      Randy Williams is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of William and Jennifer Martin.

3. An asset of the bankruptcy estate is real property located at 1470 Merion Dr., Mt. Dora, FL 32757 (the "Real Property").

4. The Debtors listed the Real Property on their schedules as having a value of $250,000.00. *See* Dkt. No. 1, Schedule A/B.

5. The Debtors listed the following encumbrances (the "Secured Claims") on the Real Property:

    a)    First Mortgage: Wells Fargo Mortgage in the amount of $273,178.00 *See* Dkt. No. 1, Schedule D.

6. The Debtors have not declared the Real Property as exempt. See Dkt. No. 1, Schedule C.

7. Based upon advice from Broker, the Trustee believes that the actual value of the Real Property to be in excess of the value stated in the Debtor's schedules and that the initial listing price for the Property should be $375,000.00. Accordingly, the Trustee believes that equity exists in the Real Property to administer for the benefit of creditors. Alternatively, in the event that the Real Property does not sell for an amount sufficient to pay all secured claims against the property in full, BK Global is highly qualified to negotiate a carve-out agreement with the holder(s) of Secured Claims to provide sufficient funds from the proceeds of sale to pay reasonably anticipated administrative claims of the estate and make a meaningful distribution to creditors.

## BASIS FOR RELIEF REQUESTED

8. The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors. The Section further states "the Trustee may seek a "carve-out" from the sale of the property at issue if the "carve-out" will result in a meaningful distribution to creditors. Further, the Section states "The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

9. BK Global has expertise and experience in assisting trustees in facilitating the sale of real property for the benefit of creditors. BK Global proposes to provide the following services (the "Services") to the Trustee:

  a) List the Real Property for sale to obtain offers for the Trustee, whereby if the Trustee accepts an offer, the Real Property may be sold pursuant to 11 U.S.C. § 363;

  b) Obtain the release and waiver of all secured claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale) as applicable;

  c) Establish a meaningful carve out for the benefit of allowed unsecured creditors of the Debtors' estate and the payment of administrative claims of the Estate including, but not limited to, (a) a six percent (6%) real estate brokerage commission (and reimbursement of any out-of-pocket expenses) to BK Global and any associated real estate professional(s); (b) statutory compensation for the Trustee; and (c) and other administrative claims by other professionals employed by the Trustee (collectively "Administrative Costs"), all to be paid from the proceeds of the sale;

  d) Make certain the amount of the carve out is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363;

  e) Assist with the coordination of the sale and closing transaction of the Real Property.

10. A separate motion to approve the sale of the Real Property will be filed seeking the approval of the settlement terms and conditions of the subject purchase and sale transaction including the following, if appropriate:

  a) a carve out from the sale proceeds of the Real Property for the payment of title services and closing costs;

  b) a carve out from the sale proceeds of Administrative Costs ;

  c) a carve out from the sale proceeds of an amount that will result in a meaningful distribution to the estate for the benefit of unsecured creditors of the bankruptcy estate.

11. The Trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear.

12. The Trustee submits that the terms of employment and compensation as set out in this application and the listing agreement, attached as **Exhibit A**, are reasonable in light of the extensive

experience of BK Global and any associated real estate professional, and the nature of the services they provide.

13. The terms of the listing agreement and this Application provide that BK Global and listing agent are only entitled to payment if and when (a) a motion to approve the sale is granted and (b) the sale of the Real Property closes, in which event BK Global and listing agent will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses. Therefore, BK Global will not be entitled to any fees if the Court does not grant the motion to approve the sale of the Real Property.

14. In no event will the bankruptcy estate have any obligation to pay BK Global or any associated real estate professional(s) for their services, or to pay for the customary title services and closing costs if the subject transaction does not close.

15. BK Global attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as **Exhibit B** is an Affidavit of Disinterestedness of BK Global. BK Global also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than listing agent or a buyer's agent, if applicable.

WHEREFORE, based upon the foregoing, the Chapter 7 Trustee seeks the Court's authority to retain BK Global in this case and requests that the Court approve the retention of BK Global on the terms, including but not limited to compensation arrangement, set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code; and for such other and further relief as the Court determines is appropriate.

Respectfully submitted,

*/s/ Marc Douglas Myers*

_____
Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550

Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, a true and correct copy of the foregoing was sent via regular US mail to the Debtor(s), counsel for the Debtor(s), the Trustee, counsel for the Trustee, the US Trustee, all creditors and all persons requesting notice as set forth below unless otherwise served by the CM-ECF system.

*/s/ Marc Douglas Myers*

_____
Marc Douglas Myers

Carvana, LLC
undeliverable

PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Wells Fargo Bank, N.A.
c/o BDFTE, LLP
4004 Belt Line Rd Ste. 100
Addison, TX 75001-4320

Amazon
4125 Windword Plaza
Alpharetta, GA 30005-8738

American Express
P.O. Box 981540
El Paso, TX 79998-1540

Barclays Bank
1007 N. Orange St.
Wilmington, DE 19801-1239

Barclays Bank Delaware
P.O Box 8803
AH: Credit Bureau
Wilmington, DE 19899-8803

Baylor Scott & White Health-Central TX
Attn: Buisness Office, MS -01-105
2401 S. 31st Street
Temple, TX 76508-0001

Bridgecrest Credit
7300 E. Hampton Ave, Suite 101
Mesa, AZ 85209-3324

Capital One Bank (USA), N.A.
P.O. Box 30285
Salt Lake City, UT 84130-0285

City of Mount Dora
P.O. Box 176
Mount Dora, FL 32756-0176

College Station Medical Center
1604 Rock Prairie
College Station, TX 77845-8345

Comenity Bank/Way Fair
P.O Box 182789
COlumbus, OH 43218-2789

Comenity Capital/Overstock
P.O. Box 182120
Columbus, OH 43218-2120

Credit Union Loan Source
P.O. Box 105388
Atlanta, GA 30348-5388

First Source Advantage, LLC

P.O. Box 628
Buffalo, NY 14240-0628

Frank Steelman
Attorney at Law
1810 Greenfield Plaza
Bryan, TX 77802-3408

Frontline Asst Stratagies LLC
2700 Snelling Ave N.
Roseville, MN 55113-1719

Gold Key Credit Inc
P.O. Box 15670
Brooksville FL 34604-0122

Infysystems Inc.
6900 College Blvd Suite 550
Overland, Park KS 66211-1596

Kabboge
925 B Peachtree St. NE Ste 1688
Atlanta, GA 30309-3918

M. D. Anderson
P.O. Box 4461
Houston, TX 77210-4461

Midland Credit Management
P.O. Box 51319
Los Angeles, CA 90051-5619

Midland Funding, LLC
P.O. Box 2001
Warren, MI 48090-2001

Pay Pal Credit
P.O. Box 71202
Charlotte, NC 28272-1202

Pay Pal Working Capitol
Atten: Executive Escalation
P.O. Box 5018
Timonium, MD 21094-5018

Portfolio Recovery Associates Llc
P.O. Box 41067
Norfolk VA 23541-1067

Quest Diagnostics C/O Arstrat, LVC
P.O. Box 33720
Detroit, MI 48232-3720

SYNCB/Amazon
P.O. Box 965016
Orlando, FL 32896-5016

SYNCB/MFIS
undeliverable

SYNCB / Walmart
P.O. Box 965024
Orlando, FL 32896-5024

Sears/cbsd
P.O. Box 6189
Sioux Falls SD 57117-6189

Syncb/JcPennys
4125 Windword Plaza
Alpharetta, GA 30005-8738

Syncb/Walmart
4125 Windword Plaza
Alpharetta, GA 30005-8738

Synchrony Networks/Mattress Firm
P.O. Boc 965036
Orlando, FL 32896-5036

TD Bank USA/Target Credit
7000 Target Parkway N.
Mail Stop NCD-0450
Brooklyn Park, MN 55445-4301

US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002-2604

University Pediatrics Association
1602 Rock Prairie Rd. #1100
College Station, TX 77845-0001

Wells Fargo Home Mortgage
Default Document Processing
N9286-01Y, 1000 Blue Gentian Road
Eagan, MN 55121-7700

Frank S Steelman
1810 Greenfield Plz
Bryan, TX 77802-3408

Jennifer A. Martin
936 Whitening Ln
College Station, TX 77845-5997

Randy W Williams
7924 Broadway, Suite 104
Pearland, TX 77581-7933

William S. Martin
936 Whitening Ln
College Station, TX 77845-5997

**BK Global Real Estate Brokerage Listing Agreement**

This Real Estate Brokerage Listing Agreement ("Agreement") is between Randy Williams ("TRUSTEE") and **BK Global Real Estate Services LLC** ("BROKER")

**Authority to Sell Property: Trustee** gives **Broker** the right to be the EXCLUSIVE BROKER in the sale of the real and personal property (collectively "Property") described below:

1470 Merion Dr., Mt. Dora, FL 32757.

Upon full execution of a contract for sale and purchase of the Property and court approval, all rights and obligations of this Agreement will automatically extend through the date of the actual closing of the sales contract. **Trustee** and **Broker** acknowledge that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race, color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local law. **Trustee** certifies and represents that she/he/it is legally entitled to convey the Property and all improvements.

**Price:** The starting listing price of the property will be**:** $375,000.  If there are no acceptable offers after 15 days, the list price will be reduced 5% and will reoccur every 15 days until the listing expires or if an acceptable offer is received.

**Brokers Obligations:** Broker will assist the Trustee to make commercially reasonable efforts to procure the consent and agreement of the senior mortgagee ("Secured Creditor"), if necessary due to a short sale or insufficiency of the net proceeds of sale, to:

a) procure a purchaser for the Real Property with the best qualified offer during a public sale.
b) Release its lien with respect to the Property; and
c) Agree to a 11 U.S.C. § 506 surcharge to (x) pay our fee and expenses, any commission payable to the local real estate broker and all other fees and expenses associated with the sale, and (y) provide a carve-out for the benefit of allowed unsecured creditors of the estate.

**Brokers Duties:** Broker duties will include but will not be limited to the following services;

a) Researching the real estate, running title and lien searches to identify creditors for resolution and any title issues.
b) Advising the trustee of any issues and discuss potential resolutions.

c) Conducting the resolutions under the trustee's direction.
d) Assisting the trustee in the collection of documents and information for employment.
e) Making and identifying the correct contact with any secured creditors where applicable.
f) Notifying the secured creditor of the upcoming sale and identifying servicer requirements.
g) Assisting the trustee in establishing market value and negotiating with the Servicer an acceptable sales price and establishing a carve-out, if necessary.
h) Development of online marketing, email campaign and full nationwide marketing services.
i) Conducting an online sale.
j) Use of the BK Global technology platform.
k) Assist the trustee in the review of all offers and coordinate the final documentation of the offer accepted by the trustee.
l) Managing contract requirements such as inspections, appraisals and HOA applications.
m) Coordinating closings and assisting the trustee in the collection of required information for court filing.
n) Closing the transaction and ensure the estate has received the appropriate funds.

**Local Listing Brokers Obligations: Broker** will select a **Local Listing Broker** to co-list the property and provide limited services. **Trustee** will retain both **Broker** and the **Local Listing Broker** to market the Property for sale to the public under a separate listing agreement.

**Local Listing Brokers Duties:** Local Listing Brokers duties will include but will not be limited to the following services;

a) Inspecting the property and completing a broker's price opinion.
b) Listing the property in the multiple listing service (MLS).
c) Posting a for sale sign in the yard and coordinating showings.

**Trustee Obligations:** In consideration of **Broker's** obligations, **Trustee** agrees to:

a) Cooperate with **Broker** in carrying out the purpose of this Agreement
b) Assist the Broker as needed in obtaining the keys to the Property and make the Property available for **Broker** to show during reasonable times.
c) File all court motions and documents in a timely manner to ensure a successful sale.
d) Advise **Broker** of any special issues our court requirements.

**Compensation: 6% Real Estate Commission** will be paid out of the proceeds off the sale and is due and paid at closing. The commission will cover the costs of the **Broker**, **Local Listing Broker** and **Buyers Broker**. The commission will be paid as follows:

a) 2% Broker
b) 2% Local Listing Broker

    c)   2% Buyers Broker

**Term of Agreement:** The term of this Agreement will commence when signed by the **Trustee** and the court approves it. This Agreement will automatically terminate upon the closing of the sale of the Property, or it may be terminated by either party for any or no reason after 180 days from commencement. In addition, this Agreement will be terminated if the **Trustee** files a Report of No Distribution, files a Notice of Abandonment of the subject property, or submits a Trustee's Final Report to the Office of the United States Trustee.

    **Broker** acknowledges and agrees that (a) the **Trustee** is not executing this Agreement in an individual capacity, but solely as trustee of the estate, (b) **Broker** does not and will not have any right or claim with respect to the estate and (c) **Brokers** sole recourse for payment of real estate commission, fees and expenses will be paid at closing with court approval.

    This Agreement constitutes our complete agreement on this matter and supersedes all prior agreements and representations concerning the same. It may not be modified or amended except in a writing signed by both parties.

**(the remainder of this page is left intentionally blank)**

**The effective date of this agreement is _____.**

**BROKER:**

By:_____   Acknowledged and agreed as of the date set forth above.

    Patrick Butler, Broker-in-Charge

**TRUSTEE:**

_____   Acknowledged and agreed as of the date set forth above.

Randy Williams, not individually but solely as Trustee in the referenced matter.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM S. MARTIN AND | § | CASE NO. 19-33443 |
| JENNIFER A. MARTIN | § | CHAPTER 7 |
| | § | |
| DEBTORS | § | CHIEF JUDGE DAVID R. JONES |
| | § | |

## AFFIDAVIT

STATE OF  Florida         §
COUNTY OF Palm Beach      §

    Patrick Butler   individually and on behalf of BK Global Real Estate Services (collectively "Broker") respectfully represents that she has personal knowledge of the matters stated herein and is competent to make this affidavit. Broker represents no interest adverse to either the above-referenced bankruptcy Estate or Randy W. Williams the Chapter 7 Trustee thereof ("Trustee"). Broker has no connections with the Debtors, any creditors, or any other party in interest or their respective attorneys or accountants, the US Trustee, or any person employed in the office of the US Trustee, except as otherwise disclosed herein. The following connections are disclosed:

    Broker submits that it is a "disinterested person" within the meaning of 11 U.S.C. §101(14).

Respectfully submitted,

By: _____
PATRICK BUTLER, (printed name)
_____ of (capacity)
_____ BK Global Real
Estate Services

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority on the 19th day of August, 2019.

_____
Notary Public in and for the State of FLORIDA



Notary Public State of Florida
Priscilla L Melendrez
My Commission GG 156838
Expires 10/31/2021