

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/26/2019

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-33443-H2-7 |
| | § | |
| WILLIAM S. MARTIN and | § | |
| JENNIFER A MARTIN, | § | |
| Debtor | § | CHAPTER 7 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| Movant | § | HEARING DATE: 08/26/2019 |
| | § | |
| v. | § | TIME: 01:30 PM |
| | § | |
| WILLIAM S. MARTIN and | § | |
| JENNIFER A MARTIN; RANDY | § | |
| W. WILLIAMS, Trustee | § | |
| Respondents | § | JUDGE DAVID R. JONES |

## AGREED ORDER LIFTING STAY AS TO DEBTOR

On this day came on before the Court the Motion of WELLS FARGO BANK, N.A., Movant, for Relief from the Automatic Stay. The Court is advised that the parties agree that the Chapter 7 trustee, Randy W. Williams, shall have 120 days in which to market and sell the hereinafter described property. In the event the property is not sold and Movant not paid in full, the automatic stay shall terminate, at midnight, **DECEMBER 22, 2019**. Therefore, it is

ORDERED that the Chapter 7 Trustee shall have 120 days in which to market and sell the hereinafter described Property. In the event the property is not sold and Movant paid in full, the automatic stay of 11 U.S.C. §362 shall terminate, at midnight,

**DECEMBER 22, 2019** with respect to Movant on the following described property, to wit:

> LOT 2, WOLF CREEK RIDGE PHASE 1, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 57, PAGE(S) 77 THROUGH 82, INCLUSIVE, OF THE PUBLIC RECORDS OF LAKE COUNTY, FLORIDA, more commonly known as 1470 Merion Dr., Mount. Dora, FL 32757 (the "Property").

It is further ORDERED that in the event Trustee has received a written offer to purchase the Property from a good faith purchaser on or before December 22, 2019, for which the closing of the sale is scheduled to take place after December 22, 2019, the Chapter 7 trustee may petition the Court for an extension of the automatic stay provided that (1) the offer shall be in an amount that will result in proceeds at closing that are sufficient to pay Movant's claim in full, and (2) that the closing date and all other terms of sale are reasonable.

It is further ORDERED that Movant's agreement shall not be construed as an agreement to accept a sum of money at closing that does not pay movant's claim in full.

Signed: August 26, 2019.

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**MOVANT CERTIFIES THAT IT HAS COMPLIED WITH LOCAL BANKRUPTCY RULE 4001.**

APPROVED AS TO FORM AND SUBSTANCE

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ MITCHELL BUCHMAN

MITCHELL BUCHMAN
TX NO. 03290750
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
Telephone: (713) 621-8673
Facsimile: (713) 621-8583
E-mail: SDECF@BDFGROUP.COM
ATTORNEY FOR MOVANT

/s/ Marc Douglas Myers, Signed by permission
Marc Douglas Myers, attorney for Chapter 7 trustee
Ross, Banks, May, Cron & Cavin, PC
SBN 00797133
7700 San Felipe, suite 550
Houston, Texas 77063